IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 4:13-cr-284 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE DAN AARON POLSTER |
| ) | |
| ANTHONY J. WALKER, ) | |
| ) | **OPINION AND ORDER** |
| Defendant. ) | |

Before the Court is Defendant Anthony J. Walker's Emergency Motion for Compassionate Release (the "Motion"). ECF Doc. 580. For the following reasons, the Motion is **DISMISSED** without prejudice.

I. BACKGROUND

Walker is currently incarcerated at the Federal Correctional Institution, Butner ("FCI Butner"). Walker was originally sentenced to a 60-month incarceration term and five years of supervised release following a guilty plea to one count of conspiracy to distribute and possess drugs. ECF Docs. 1, 357, 384, 386. After completing the initial incarceration period, Walker violated the conditions of his supervised release, and he is serving the remaining 21 months of his sentence in federal custody. ECF Doc. 562. Walker's expected release date is September 28, 2022.[1]

Walker now brings the instant Motion to seek early release because his incarceration at FCI Butner is putting him in danger of contracting COVID-19 and, in turn, developing serious complications. ECF Doc. 580. Walker claims that the COVID-19 situation at FCI Butner is severe

---

[1] *See Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc (last accessed March 1, 2022).

because it has a Level Three designation from the Bureau of Prisons ("BOP"). *Id.* at 12-14. Walker further states that he has a heightened risk of severe complications from COVID-19 because of his Body Mass Index, an artery blockage in his heart, and his valley fever or cocci diagnosis. *Id.* at 8-12.[2] Walker received a COVID-19 vaccine, but he requests early release because the vaccine does not provide complete protection against infection or severe complications. *Id.* at 15-16.

**II.     DISCUSSION**

A motion for compassionate release may be filed by a federal inmate only when he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [prisoner]'s behalf" or after "the lapse of 30 days from the receipt of such a request by the warden of the [prisoner]'s facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). If a federal inmate fails to exhaust administrative remedies prior to filing the compassionate release motion, the reviewing district court should dismiss the motion without prejudice to allow the federal inmate to exhaust his administrative rights and refile. *United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020).[3]

Walker has not established that he exhausted his administrative remedies and, thus, his motion must be dismissed without prejudice. While Walker recites the legal standard for exhaustion of administrative remedies, the Motion fails to state when Walker made his request to FCI Butner's warden and, instead, includes only an empty blank space where the request date

---

[2] Walker has not submitted any medical documentation to support his claim that he has conditions that increase his risk of complications from COVID-19. *See generally* ECF Doc. 5809. Should Walker exhaust his administrative remedies and refile the Motion, he should also provide the Court with documentation that establishes his current medical condition.

[3] Once administrative remedies are exhausted, a district court may grant compassionate release to a federal inmate who is younger than seventy years old and has served less than thirty years in prison when: (1) there are "extraordinary and compelling reasons" to warrant a sentence modification; (2) the sentence reduction is appropriate considering the Section 3553(a) sentencing factors "to the extent that they are applicable." 18 U.S.C. § 3582(c).

should be. Moreover, the Motion was not accompanied by any correspondence with either the warden or BOP, meaning the Court cannot confirm whether Walker adhered to Section § 3582's exhaustion requirements. Should Walker exhaust his administrative remedies and refile the Motion, the subsequent motion must be accompanied by proof of exhaustion for the Court to reach the merits of Walker's early release request.

### III. CONCLUSION

For the above reasons, Defendant Anthony J. Walker's Motion for Compassionate Release (ECF Doc. 580) is hereby **DISMISSED without prejudice**. Walker may refile his Motion after exhausting his administrative remedies.

**IT IS SO ORDERED.**

<u>*/s/ Dan Aaron Polster March 1, 2022*</u>
**Dan Aaron Polster**
**United States District Judge**