IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 4:13-cr-284 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE DAN AARON POLSTER |
| ) | |
| ANTHONY J. WALKER, ) | |
| ) | **OPINION AND ORDER** |
| Defendant. ) | |

Before the Court is Defendant Anthony J. Walker's Motion to Reconsider his Emergency Motion for Compassionate Release (the "Reconsideration Motion"). ECF Doc. 582. Because the Reconsideration Motion cures the exhaustion defect in Walker's previous Emergency Motion for Compassionate Release (the "Compassionate Release Motion"), ECF Doc. 580, the Court will treat the Reconsideration Motion as a renewal of the Compassionate Release Motion. For the following reasons, both the Reconsideration Motion and the Compassionate Release Motion are **DENIED**.

**I. BACKGROUND**

On February 28, 2022, Walker sought compassionate release from Federal Correctional Institution, Butner II ("FCI Butner II"), where he is serving a 21-month sentence after violating conditions of supervised release. ECF Docs. 357, 384, 386, 562, 580. In his Compassionate Release Motion, Walker argued that early release was appropriate because: (1) FCI Butner II was facing a severe COVID-19 outbreak; and (2) Walker has a heightened risk of severe complications from COVID-19 because of his Body Mass Index, an artery blockage in his heart, and his valley fever or cocci diagnosis. ECF Doc. 580 at 8-14. Walker further represented that he has received

the COVID-19 vaccine, but he still requested early release because the vaccines are not 100% effective at preventing COVID-19 infection.

On March 1, 2022, the Court dismissed without prejudice the Compassionate Release Motion because Walker failed to establish that he exhausted his administrative remedies. ECF Docs. 580, 581. Thus, the Court could not address that motion's merits and directed Walker to refile his request after exhaustion was achieved. ECF. Doc. 581.

Walker now brings the Reconsideration Motion to establish that he had exhausted his administrative remedies prior filing the Compassionate Release Motion. ECF Doc. 582. The Reconsideration Motion is accompanied by a copy of an Inmate Request to Staff form, dated January 18, 2022, in which he requested FCI Butner II's warden grant him compassionate release. ECF Doc. 582-1.

## II. DISCUSSION

While Walker styles the instant motion as a request for reconsideration, the Federal Rules of Criminal Procedure do not provide for reconsideration motions.[1] Instead, the Court will treat the Reconsideration Motion as a renewal of the previous Compassionate Release Motion because Walker has cured the exhaustion defects by providing the Court with a copy of his Inmate Request to Staff form. Moreover, Walker has requested that the Court reach the merits of his prior motion, which the Court was unable to do until exhaustion was established. Therefore, the Court accepts Walker's exhaustion evidence, but now denies the Compassionate Release Motion on the merits.

---

[1] Although the district courts will accept motions for reconsideration in criminal cases, these motions are reviewed under the stringent standard for motions to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *United States v. Square*, 790 F. Supp. 2d 626, 631 n.1 (N.D. Ohio 2011). Walker cannot meet this standard because his arguments do not fall into any of the four Rule 59(e) categories. Rather than deny the Reconsideration Motion under this strict standard and direct Walker to refile the Compassionate Release Motion, the Court will conserve judicial resources by treating the Reconsideration Motion as a renewal of the Compassionate Release Motion.

Once exhaustion has been established, a district court may a grant compassionate release motion only when two requirements are met. First, there must exist "extraordinary and compelling reasons" to warrant a sentence modification. Second, the sentence reduction must be appropriate considering the Section 3553(a) sentencing factors "to the extent that they are applicable." 18 U.S.C. § 3582(c).

For the "extraordinary and compelling reasons" prong of this analysis, the Court requires a two-part showing by the defendant to obtain compassionate release due to COVID-19 health circumstances. Namely, the defendant must establish: (1) that he is at high risk of having complications from COVID-19; and (2) that his detention facility is having a severe COVID-19 outbreak. *United States v. Troutman*, No. 1:11-cr-00472, 2021 WL 1345285, *1 (N.D. Ohio Apr. 12, 2021); *see also United States v. Elias*, 984 F.3d 516, 519-21 (6th Cir. 2021) (reaffirming that district courts have the discretion to define "extraordinary and compelling reasons" and approving of this Court's use of the two-part test for COVID-19 compassionate release motions).

Here, Walker cannot establish extraordinary and compelling reasons for early release because FCI Butner II is not presently experiencing a severe COVID-19 outbreak. While the Court is sensitive to Walker's health conditions and his potential for severe COVID-19 complications, Walker's risk of contracting COVID-19 is greatly diminished because FCI Butner II—like much of the country—has experienced a recent drop in infection rates. More specifically, FCI Butner II currently reports only two inmates with COVID-19 infections and no infected staff.[2] In turn, FCI Butner II has a Level 1 operations rating, which is reserved for detention facilities with low rates

---

[2] *See COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed Mar. 31, 2022).

of infection and transmission among inmates and staff.[3] Based on these infection numbers, it is unlikely that Walker will contract a severe case of COVID-19, particularly because he has received a COVID-19 vaccine. Thus, Walker cannot establish the first element of Section 3582(c).

Furthermore, even if Walker could establish extraordinary and compelling reasons for early release, Walker has not provided the Court with any information that is relevant to the application of the Section 3553(a) factors. Rather, Walker merely states that he will have a supportive home environment should he receive early release. ECF Doc. 580 at 23. However, Section 3553(a) lists seven factors the Court must weigh, none of which include the defendant's release plan. *See* 18 U.S.C. § 3553(a). What is relevant to this analysis is Walker's history and the need for the sentence is imposed. *See id.* The Court concludes that Walker's prior supervised released violation strongly weighs against early release because it not only reflects Walker's repeated disregard for the law, but also underscores the need for the sentence imposed.

### III. CONCLUSION

For the above reasons, Defendant Anthony J. Walker's Emergency Motion for Compassionate Release (ECF Doc. 580) and his Motion for Reconsideration of his Emergency Motion for Compassionate Release (ECF Doc. 582) are hereby **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster March 31, 2022*
**Dan Aaron Polster**
**United States District Judge**

---

[3] *See FCI Butner II*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/btf/ (last accessed Mar. 31, 2022).